COMMONWEALTH vs. BENJAMIN S. WRIGHT.

A complaint charging that the defendant at a place and on a day named, "that day being the Lord's day, and between the midnight preceding and the midnight succeeding the said day, did keep open his shop there situate," (describing the place) "for the purpose of doing business therein, the same not being then and there works of necessity or charity," is good, under Gen. Sts. c. 84, § 1.

CHAPMAN, J.   The complaint alleges that the defendant did on a certain day, "that day being the Lord's day, and between the midnight preceding and the midnight succeeding the said day, at Boston aforesaid, keep open his shop there situate," (mentioning the street and number,) "for the purpose of doing business therein, the same not being then and there works of necessity or charity."

The defendant contends that the complaint is insufficient on two grounds: 1. That it does not sufficiently allege an unlawful purpose; 2. That it charges two distinct offences.

The Gen. Sts. c. 84, § 1, describe the offence to which the complaint relates in very general terms.   "Whoever keeps open his shop, warehouse or workhouse, or does any manner of labor, business or work, except works of necessity and charity," shall be punished as therein provided.   Literally, "whoever keeps open his shop" subjects himself to the penalty; but it is obvious that more than this is meant as constituting the offence. And in *Commonwealth* v. *Collins*, 2 Cush. 556, it was held that the intent of the statute was to prohibit the opening of shops, warehouses and workhouses for the purpose of work or the transaction of business, and that an indictment should allege that the defendant kept his shop open for the purpose of transacting business or for some other unlawful purpose.   See also *Commonwealth* v. *Lynch*, 8 Gray, 384.

In this case the complaint alleges the act and the purpose which are necessary to constitute the offence.   As the purpose to do unlawful business is not of necessity limited to any particular kind of business, and may exist before any business is actually done, the general allegation of the purpose is sufficient,

and there is no ground for saying that the complaint alleges two distinct offences. *Exceptions overruled.*

*G. A. Somerby & F. F. Heard,* for the defendant, cited Dickinson's Quarter Sessions, (5th ed.) 387, 388, *note; Commonwealth* v. *Thurlow,* 24 Pick. 379; *Commonwealth* v. *Moore,* 11 Cush. 602.

*Reed,* A. G., for the Commonwealth.